UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20443-CIV-MORENO

AMISDAY LEAL,

    Plaintiff,

vs.

HAIRDOCTORS SILVER PALMS, INC. and
ANAYS MESTRE,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS PENDING ARBITRATION

THIS CAUSE came before the Court upon Defendants' Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration **(D.E. No. 20)**, filed on <u>July 18, 2013</u>.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

The court applies a two-part test to determine if a party waives its right to arbitration: (1) the court decides if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right and (2) the court looks to see whether, by acting inconsistently with the arbitration right, the party has in some way prejudiced the other party. *Garcia v. Wachovia Corp.*, 699 F. 3d 1273, 1277 (11th Cir. 2012). In *Garcia*, the Eleventh Circuit held that the defendant acted inconsistently with its arbitration right in two ways: first, it failed to move to compel arbitration even though the district court twice invited it to file motions to compel and, second, it had substantially

invoked the litigation machinery prior to demanding arbitration as the parties had conducted discovery for more than a year. *Id.* at 1277-78. In *S&H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, the court held that a party acted inconsistently with the right to arbitration when it waited eight months to move to compel arbitration, by which time the parties had litigated two motions and the moving party had taken five depositions. 906 F. 2d 1507, 1514 (11th Cir. 1990).

To determine whether the other party has been prejudiced, the court may consider the length of the delay in demanding arbitration and the expense incurred by that party from participating in the litigation process. *Garcia*, 699 F. 3d at 1277. Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate. *Id.* at 1278 (citing *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F. 3d 1356, 1366 (11th Cir. 1995). The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute waiver of the party's right to arbitration. *Id.* (citing *Stone v. E.F. Hutton & Co.*, 898 F. 2d 1542, 1543 (11th Cir. 1990)). In *Garcia*, the court held that it could not compel arbitration because the plaintiffs expended substantial sums of money in conducting the litigation and the defendant benefitted from pre-trial discovery.

In this case, the Plaintiff filed the complaint on February 6, 2013. Defendants did not file their motion to compel arbitration until July 18, 2013, more than five months later. In those five months, Defendants filed a motion to dismiss, never raising the arbitration issue. Plaintiff then filed an amended complaint and Defendants answered and filed their response to Plaintiff's statement of claim, again failing to raise the arbitration issue. In June 2013, the case was set for trial and Plaintiff served 122 pages of discovery requests, to which Defendants responded. By "substantially invoking

the litigation machinery" without raising the arbitration issue for five months, Defendants clearly acted inconsistently with their right to arbitration. Additionally, because litigation was ongoing for five months before the Defendants filed their motion to compel arbitration and Plaintiff thus served extensive discovery, Plaintiff has been prejudiced by Defendants' actions. By litigating for five months, Plaintiff has incurred the types of expenses arbitration is meant to alleviate. As a result, if Defendants did indeed have a right to arbitrate this dispute, Defendants have waived that right.

Accordingly, it is

**ADJUDGED** that the motion is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of September, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record